FILED
2024 Jan-03 PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case 7:23-CR-00144-LSC-GMB** |
| | ) | |
| **ROBERT D. SMITH** | ) | |

# PLEA AGREEMENT

The United States Attorney's Office for the Northern District of Alabama and the Criminal Section of the Civil Rights Division of the U.S. Department of Justice (hereinafter referred to as the "Government" or "United States") and the Defendant, Robert D. Smith (the "Defendant), (collectively, the "Parties"), hereby acknowledge the following plea agreement in this case:

## PLEA

The Defendant agrees to plead guilty to Count One of the Indictment, Doc. 1. In exchange, the Government agrees to dismiss Count Two of the Indictment, Doc. 1. The Government has made no other promises to the Defendant.

## TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Sexual Abuse of a Ward, in violation of Title 18, United

States Code, Section 2243(b), as charged in **COUNT ONE**, is:

a. Imprisonment for not more than fifteen years;

b. A fine of not more than $250,000, or,

c. Both (a and b);

d. Supervised release of not more than three years; and

e. A Special Assessment Fee of $100.

## II. <u>FACTUAL BASIS FOR PLEA</u>

The Government is prepared to prove the following facts beyond a reasonable doubt at the trial of this case:

The Defendant was a corrections officer with the Federal Bureau of Prisons (BOP). He was assigned to the Federal Correctional Institution, Aliceville ("FCI-Aliceville"), which is a federal prison, in the Northern District of Alabama. As part of his duties, the defendant was to ensure the safety and security of inmates housed at FCI-Aliceville, and to uphold the United States Constitution.

While acting in his capacity as a corrections officer, in or around February 2019, the Defendant knowingly engaged in a sexual act with T.M., a female inmate in official detention, who was under the custodial, supervisory, or disciplinary authority of the Defendant. Specifically, the Defendant penetrated T.M.'s vulva with

 Defendant's Initials RDS

his penis, while they were in his office in the facilities department, which was away from cameras and other inmates and officers.

Further, also while acting in his capacity as a corrections officer, between on or about July 6, 2018, and November 15, 2018, the Defendant knowingly engaged in a sexual act with R.R-L., a female inmate in official detention, who was under the custodial, supervisory, or disciplinary authority of the Defendant. Specifically, the Defendant penetrated R.R-L.'s vulva with his penis, while they were in the mechanical room, which the Defendant accessed with a key, and which was also away from cameras and other inmates and officers.

**The Defendant hereby stipulates that the facts stated above are correct and that the Court can use these facts in calculating the Defendant's sentence. The Defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the Defendant may have committed.**

Robert D. Smith
**ROBERT D. SMITH**

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph VIII below regarding subsequent conduct, the Parties agree to the following:

 Defendant's Initials RDS

a. That the Defendant be awarded an appropriate reduction in offense level for acceptance of responsibility. The United States may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit to each and every item in the factual basis; (b) denies involvement in the offenses; (c) gives conflicting statements about the Defendant's involvement in the offenses; (d) is untruthful with the Court, the Government, or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw the plea of guilty for any reason other than those expressly enumerated in the Limited Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

b. That the United States and defense counsel will be free to recommend any lawful sentence;

c. That the Defendant be remanded to the custody of the Bureau of Prisons as ordered by the Court;

d. That no promises have been made by any representative of the United States to the Defendant as to what the sentence will be in this case. Any estimates or predictions made to the Defendant by defense counsel or any other person



Defendant's Initials RDS

regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the Defendant's guilty plea.

e. That the Defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the Parties. The Defendant acknowledges that the sentencing determination will be based upon the entire scope of the Defendant's criminal conduct, the Defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

f. That, following any term of imprisonment imposed by the Court, the Defendant be placed on supervised release for a period to be determined by the Court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3;

g. That the Defendant pay a special assessment fee of $200.00, said amount due and owed as of the date the sentence is pronounced;

h. That the Defendant be required to pay restitution to the victims as ordered by the Court; and,

 Defendant's Initials RDS

i. That the Defendant agrees to surrender any law enforcement certification and/or licenses.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, the Defendant, ROBERT D. SMITH, waives and gives up his right to appeal his conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders the Court might impose. Further, he waives and gives up the right to challenge the conviction and/or sentence, any fines, restitution, and forfeiture orders imposed and the manner in which the conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.**

**The Defendant also knowingly and voluntarily waives the right to raise on appeal or on collateral review any argument (1) that the statute to which the Defendant is pleading guilty is unconstitutional and (2) that the admitted conduct does not fall within the scope of the statute.**

**The Defendant reserves the right to contest in an appeal or post-conviction proceeding the following:**

**(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);**

**(b) Prosecutorial misconduct; and**

**(c) Ineffective assistance of counsel.**

**The Defendant acknowledges that, before giving up these rights, the Defendant discussed the Federal Sentencing Guidelines and their application to the Defendant's case with the Defendant's attorney, who explained them to the Defendant's satisfaction. The Defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.**

**I, ROBERT D. SMITH, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

Robert D. Smith
**ROBERT D. SMITH**

## V. <u>UNITED STATES SENTENCING GUIDELINES</u>

Defendant's counsel has explained to the Defendant that, in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing

 Defendant's Initials RDS

guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The Defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the Defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The Defendant fully and completely understands and agrees that it is the Court's duty to impose a sentence upon the Defendant, and that any sentence recommended by the Government or the Defendant's counsel is **NOT BINDING UPON THE COURT**, and that the Court is not required to accept the Government or defense counsel's recommendation. Further, the Defendant understands that, if the Court does not accept the Government or defense counsel's recommendation, the Defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The Defendant understands that, should the Defendant move the Court to accept the Defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that

 Defendant's Initials RDS

event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The Defendant understands that, should the Defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the Defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in the agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney or the Assistant Attorney General for the Civil Rights Division in their sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The Defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district or component of the U.S. Department of Justice, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to fully disclose all assets in which the Defendant has any interest or over which the Defendant exercises control,



Defendant's Initials RDS

directly or indirectly, including those held by a spouse, nominee or other third party. The Defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The Defendant also agrees that the Defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the Defendant's plea agreement, the Defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The Defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the Defendant's range of punishment under the advisory sentencing guidelines. The Defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct.

 Defendant's Initials RDS

## XII. TAX AND OTHER CIVIL, ADMINISTRATIVE, AND IMMIGRATION PROCEEDINGS

Unless otherwise specified herein, the Defendant understands and acknowledges that this agreement does not apply to, or in any way limit, any pending or prospective proceedings related to the Defendant's tax liabilities, if any, or to any pending or prospective forfeiture or other civil or administrative proceedings.

**Immigration**

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.



Defendant's Initials RDS

## XIII. SEX OFFENDER REGISTRATION AND NOTIFICATION ACT

The Defendant understands and acknowledges that, under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. The Defendant understands that the federal registration requirement and any state registration requirement may apply throughout his life. The Defendant further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine, or imprisonment, or both.

## XIV. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of 15 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that, by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront,



Defendant's Initials RDS

cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTORS, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: xanax and lexapro.

Nothing I have taken has affected my ability to knowingly, intelligently, and voluntarily enter into this plea agreement.

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this agreement, and I have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this agreement, both individually and as a total binding agreement.

 Defendant's Initials RDS

1-3-24
DATE

ROBERT D. SMITH
Defendant

## XV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail, and I have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

1-3-24
DATE

MAXWELL PULLIAM
Defendant's Counsel



Defendant's Initials RDS

## XVI. GOVERNMENT'S ACKNOWLEDGMENT

We have reviewed this matter and this agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

1-3-24
DATE

Michael Royster
MICHAEL ROYSTER
Assistant United States Attorney

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

1-3-24
DATE

Michael Royster for Anna Gotfryd
ANNA GOTFRYD
Trial Attorney
Criminal Section, Civil Rights Division

 Defendant's Initials RDS